# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1462


JIMMY L. SMITH, JR.

VERSUS

ALAN C. HAMPSHIRE, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,581
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.


**REVERSED AND REMANDED.**



**Bonita Pruett-Armour**
**Rebecca Boyett**
**Armour Law Firm**
**1744 Jackson Street**
**Alexandria, LA 71301**
**(318) 442-6611**
**Counsel for Defendant/Appellant:**
**State Farm Mutual Automobile**
**Insurance Company**

**Roy S. Halcomb, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309-1311**
**(318) 487-4589**
**Counsel for Plaintiff/Appellee:**
**Jimmy L. Smith, Jr.**

**Andrew Parker Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**Counsel for Defendants/Appellees:**
**GEICO**
**Alan C. Hampshire**

**Donna M. Johnson**
**Attorney at Law**
**P. O. Box 11817**
**Alexandria, LA 71315**
**(318) 880-0087**
**Counsel for Defendants/Appellees:**
**GEICO**
**Alan C. Hampshire**

**Barbara Bell Melton**
**Attorney at Law**
**P. O. Box 12730**
**Alexandria, LA 71315**
**(318) 442-9533**
**Counsel for Defendant/Appellee:**
**Joy Smith**

**DECUIR, Judge.**

On August 23, 2007, Alan Hampshire rear-ended Joy Smith's 2004 Pontiac Grand Am. Joy and her two children, Elisa and Shawn, were injured in the crash. Elisa died as a result of her injuries. Hampshire's insurance coverage was inadequate. Joy Smith had both primary and uninsured motorist coverage on her vehicle through Shelter Insurance Company. Jimmy Smith, Joy's ex-husband and the father of the children, filed this suit against State Farm, his uninsured motorist coverage carrier, asserting wrongful death and survival action claims related to Elisa's death as well as a claim for penalties and attorney fees. Joy and Shawn, having exhausted the Shelter policy limits, also intervened seeking recovery from State Farm under Jimmy's policy.

State Farm tendered its $25,000.00 per person policy limit in UM benefits for Jimmy's wrongful death claim and Elisa's survival action. It has not tendered any medical benefits or UM benefits to Joy or Shawn because the accident did not occur in Jimmy's vehicle. State Farm filed a motion for summary judgment raising four issues, two of which were denied and two of which were granted in light of the plaintiffs' failure to file an opposition. State Farm appeals the trial court's denial of its motion for summary judgment. The trial court certified its judgment as a final judgment for purposes of appeal.

## POLICY LIMITS

State Farm alleges that the trial court erred in denying its motion for summary judgment. Specifically, State Farm contends that the court erred in finding that Jimmy Smith and Joy Smith are entitled to recover separate single person policy limits of $25,000.00 for Elisa's survival action and their wrongful death actions. We agree.

We review a summary judgment determining insurance coverage de novo, using the same criteria for these insurance issues as those governing the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

The State Farm policy provides that payment will be made under the UM portion of the policy subject to certain conditions:

> We will pay nonpunitive damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance, or use of an uninsured motor vehicle.

"Bodily injury" is defined in the policy as "physical bodily injury to a person and sickness, disease or death which results from it." Further, the policy outlines which damages are included under the single "Each Person" limit versus the aggregate "Each Accident" limit of the policy as follows:

> The amount of coverage is shown on the declarations page under "Limits of Liability--U--Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury, and all emotional distress resulting from this bodily injury sustained by other persons who do not sustain bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to bodily injury to two or more persons in the same accident.

State Farm and the trial court in its written reasons agree that, with regard to the policy language in this case, the supreme court in *Hebert v. Webre*, 08-60 (La. 5/21/08), 982 So.2d 770, resolved this very issue in State Farm's favor. However, the trial court found that the supreme court did not consider whether the policy language was in contravention of La.R.S. 22:1295. Louisiana Revised Statutes 22:1295 provides in pertinent part:

2

The following provisions shall govern the issuance of uninsured motorist coverage in this state:

(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of *bodily injury, sickness, or disease, including death resulting therefrom.* (Emphasis added)

The trial court found that State Farm's policy language improperly restricted UM coverage because it refers to "physical bodily injury" rather than "bodily injury" as provided in the statute. The trial court reached that conclusion despite the fact that State Farm's policy language was expressly approved by the supreme court in *Hebert*.

We disagree with the trial court's finding. Louisiana Revised Statutes 22:1295 provides that UM coverage must not be less than the underlying liability policy. The statute does not purport to define "bodily injury" for all policies. An insurance policy is the contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. *Hebert*, 982 So.2d 770. State Farm's policy language has been approved by the highest court in this state. The trial court erred in denying State Farm's motion for summary judgment.

State Farm's remaining assignment alleges the trial court erred in finding that the claim of Joy Smith for the wrongful death of Elisa was not barred by the "other insurance" provision of its policy and the anti-stacking statute. We need not reach these issues having found that Jimmy and Joy Smith are entitled only to the single person policy limit of $25,000.00, which has been exhausted.

3

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed insofar as it denied State Farm's motion for summary judgment. Summary judgment is hereby granted in favor of State Farm with regard to the foregoing issues. The case is remanded for further proceedings regarding plaintiff's claim for penalties and attorney fees. All costs of these proceedings are taxed to appellants, Jimmy and Joy Smith.

**REVERSED AND REMANDED.**